[Civ. No. 856.   Second Appellate District.—February 8, 1912.]

## A. C. WAGY, Respondent, v. ROBT. ATKINSON, Appellant.

ACTION FOR BALANCE DUE ON NOTE—SALE OF COLLATERAL STOCK—
    MARKET VALUE STATED BY PLEDGOR—PRESUMPTION OVERCOME BY
    FINDING.—In an action for the balance due on a promissory note,
    after the sale of stock pledged as collateral security therefor, which
    the payee was authorized to sell in the market after the maturity of
    the note without demand, advertisement or notice, the plaintiff being
    authorized to purchase at the sale, it is held that any presumption
    that the stock was sold at the market value expressed by the owner
    when the collateral was deposited is overcome by the finding that a
    sale for a less sum was *bona fide*, and was for an adequate and
    highest obtainable price.

ID.—SUFFICIENT COMPLAINT—GENERAL FINDING—SUPPORT OF JUDGMENT.
    Where the complaint states a cause of action, a general finding that
    all of the allegations of the complaint are true, and that all of the
    allegations of the answer and cross-complaint of the defendant are
    untrue, sufficiently supports the judgment for the plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County.   George H. Hutton, Judge.

The facts are stated in the opinion of the court.

F. E. Davis, and J. W. Cochran, for Appellant.

Isidore B. Dockweiler, for Respondent.

ALLEN, P. J.—Action upon a promissory note. The complaint alleged the execution by defendant to plaintiff of a

promissory note set out in the complaint, attached to which note was an agreement in substance to the effect that 5,000 shares of mining stock, "the market value of which is now $650," had been deposited with plaintiff as collateral security for said note; that the right reposed in plaintiff to call for additional security, and that failure to respond forthwith to such call matured the obligation, and on the nonpayment of the note when due authority was given plaintiff to sell any securities so held as collateral, without demand, advertisement or notice, and the plaintiff was authorized to buy the same, and, after deducting legal costs and expenses of collection, was required to apply the proceeds of such sales to the amount due on the obligation; and the maker of the note agreed to pay the holder any deficiency upon demand. It is alleged that after the maturity of the note plaintiff sold 13,000 shares of mining stock for $104, the same being held as collateral for such obligation; that no part of the interest on said note had been paid, and after applying the credit of $104 there remained unpaid the sum of $496, the balance of the principal of said note, payment of which had been demanded before suit was brought. Judgment was prayed accordingly. The answer denied the execution of the note; denied any consideration therefor; alleged that the whole transaction was a gambling transaction; denied that the stock was sold for $104; denied that the sale was *bona fide* or for the value thereof, alleging it was an illegal and fraudulent transaction, and denied that there was anything unpaid upon the note. By way of cross-complaint, defendant sets up facts tending to show a conversion of the 13,000 shares of mining stock, and he asks judgment for the value thereof. There was an answer filed to this cross-complaint, denying all of the allegations thereof. Upon the trial the court found that every allegation contained in plaintiff's complaint was true, and that each and every denial contained in the answer of defendant, and in the separate answer and cross-complaint filed by defendant, is untrue and incorrect. Judgment was accordingly rendered for plaintiff. From this judgment defendant appeals.

Appellant contends that the collateral contract shows that the stock was of the value of thirteen cents a share when

deposited, and that the presumption of law is that the stock was sold at the same market value as that given it by the contract. Whatever presumption may attach, the same is overcome by the finding of the court, presumably upon competent testimony, that the stock was sold for a certain fixed sum, and that the sale was *bona fide* and for an adequate and highest obtainable price. This finding the court makes in response to the allegations of the answer. The complaint was sufficient to state a cause of action. The general finding that all of its allegations were true, and that all of the allegations of the answer and cross-complaint were untrue, were and are sufficient to support the judgment.

We see no merit in the appeal, and the judgment is affirmed.

James, J., and Shaw, J., concurred.